# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 6:18-CV-03369-MDH ) |
| JOHN AXELGARD, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is the Government's Motion for Conditional Release. (Doc. 26). Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the government's motion was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b).

The Magistrate Judge conducted a hearing on July 14, 2020, and submitted a report and recommendation to the undersigned. (Doc. 31). Defendant has waived the statutory 14 day waiting period in which to file exceptions. Therefore, the matter is ripe for review. After a review of the record before the Court, the Court agrees with the report and recommendation issued by the United States Magistrate Judge, and in accordance with such:

**IT IS HEREBY ORDERED** that the report and recommendation (Doc. 31) of the United States Magistrate Judge is **ADOPTED** and that the Government's Motion for Conditional Release (Doc. 26) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant be, and is hereby, conditionally released pursuant to Title 18 U.S.C. § 4246(e) under the following conditions:

1

1. Defendant shall reside at the RRC, Geo Reentry, Inc., 2901 S. Sammy Davis Jr. Drive, Las Vegas, NV 89109, (702) 953-1162, under a public law placement for up to 180 days. He will remain at said residence at the direction of U.S. Probation Officer. Any change from this residence will be approved by the U.S. Probation Office in advance.
2. Defendant shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
3. After initially reporting to the probation office, Defendant shall receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed.
4. Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.
5. Defendant shall answer truthfully the questions asked by his probation officer.
6. Defendant shall live at a place approved by the probation officer. If he plans to change where he lives or anything about the living arrangements (such as the people he lives with), he must notify the probation officer at least 1 O days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7. Defendant shall allow the probation officer to visit him at any time at his home or elsewhere, and he must permit the probation officer to take any items prohibited by the conditions of his supervision that he or she observes in plain view.

8. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at lease 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9. Defendant shall not communicate or interact with someone he knows is engaged in criminal activity. If he knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
10. If Defendant is arrested or questioned by a law enforcement officer, he shall notify the probation officer within 72 hours.
11. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
12. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
13. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require you to notify the person about the risk

and he must comply with that instruction. The probation officer may contact the person and confirm that he has notified the person about the risk.

14. Defendant shall actively participate in, and cooperate with, a regimen of mental health care and psychiatric aftercare as directed and administered by the treating mental health provider. This is to include his voluntary admission to an inpatient facility for stabilization should it be deemed necessary. He will follow all the rules, regulations and instructions of the treatment staff and comply with the treatment regimen recommended.

15. Defendant shall continue to take his medications, including injectable units, as prescribed for him by the medical provider.

16. Defendant shall waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer and other mental health treatment providers, who will assist in evaluating his ongoing appropriateness for community placement.

17. Defendant shall refrain from the use of alcohol and illegal drug usage, as well as the abuse of over-the-counter medications, and submit to random urinalysis testing as warranted by treating mental health staff and/or the probation officer. This also includes participating in substance abuse treatment as deemed necessary.

18. Defendant shall not have in his possession at any time actual or imitation firearms or other deadly weapons and he may not write, say or communicate threats. He will submit to a warrantless search on request of his U.S. Probation Officer or any law enforcement officer of his person or property for the purpose of determining compliance with this provision and shall permit confiscation of any such contraband.

19. Defendant shall not commit a federal, state, or local crime, and he will immediately notify his U.S. Probation Officer if he is arrested or questioned by any law enforcement officer. He will not associate with any person convicted of a felony, unless granted permission to do so, from his U.S. Probation Officer.

20. Annual reports will be written by the U.S. Probation Office regarding the status of Defendant's conditional release. The report should be submitted to the Legal Department at USMCFP Springfield, Missouri, for filing with the Court.

**IT IS SO ORDERED**.

DATED: July 20, 2020

    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**